RAWLS, Chief Judge.
The plaintiff, The Citizens and Southern National Bank, has appealed from an interlocutory order in a chancery action granting the Taylors’ motion to dismiss its complaint.
We are confronted with the sole question of whether the complaint states a cause of action in equity. We find that it does and reverse.
The Citizens and Southern National Bank filed its complaint alleging that pursuant to a contract Lee Homes, Inc. built a house for defendants, the Taylors, on property owned by them in Okaloosa County, Florida. In payment therefor the builder received a note and mortgage which was later assigned to Pioneer Finance Company. Foreclosure proceedings were had and certificate of title was issued to the Bank’s predecessor in title. Attached to the complaint were copies of the Construction Agreement, the Completion Certificate, the Mortgage Note and the Mortgage. The Construction Agreement described the property upon which the house was to be built in Okaloosa County, thusly:
“down hwy. 90, turn right on hwy. 90, . turn left past Bar 85, first house on right, inquire at Mr. Taylor’s green house.”
The mortgage stated that the property was in Okaloosa County, Florida, and described same by a metes and bounds description in Section 20, Township 3 N., Range 23 W.
The complaint further alleged that the defendants physically moved the house from the property upon which it was built to other described property in Okaloosa *867 County in Section 6, Township 3 N., Range 23 W., with the intent to defraud the Plaintiff Bank of its equitable interest in the house. It alleged that the house is now being claimed by the defendants as their homestead and that Plaintiff will be deprived of its security unless the Court of Equity takes jurisdiction and grants it the right to move the house from the property on which it is now situated, or in the alternative, grants Plaintiff a judgment against the homestead.
Thus, the Plaintiff Bank sought to impress an equitable lien upon the house by either securing a judgment against the house or authority to remove same.
The appellees contend that the chancellor dismissed the complaint because the Bank had available a remedy at law in the form of conversion for the removed house. Appellant contends that even if conversion would lie in this case, a judgment in such an action does not meet the test of a full, adequate and complete remedy, when it had prior to the wrongdoing a debt secured by a mortgage on the house and the land on which it was built. We agree with the appellant without deciding whether conversion was available under the factual situation poised here.
The mere existence of a legal remedy does not prevent a suit in equity unless the legal remedy be plain, certain, prompt, speedy, sufficient, full and complete, practical and efficient in attaining the ends of justice.[1]
We find that the allegations of the complaint taken as a whole when read with the attached exhibits sufficiently state a cause of action cognizable in equity.[2]
Reversed and remanded with directions to reinstate the complaint.
JOHNSON and SACK, JJ., concur.

. 12 Ela.Jur., Equity § 27 and cases cited therein.

. See Jones v. Carpenter, 90 Ela. 407, 106 So. 127, 43 A.D.R. 1409 (1925).